## Morrison v. Herzon.

*Robert Ruppin* and *Charles G. Baker*, for rule; *Charles W. Eaby*, contra.

GROFF, J., March 31, 1928.—This is a rule for judgment for want of a sufficient affidavit of defense. The action is brought on a building contract, wherein the plaintiff agreed to erect, furnishing all the work and material therefor, several houses on the south side of West Vine Street, in the City of Lancaster. The agreement for the erection of said buildings was signed by both parties to the suit, and it is attached to and marked Exhibit "A" in plaintiff's statement.

The defendant, on Nov. 16, 1927, filed an affidavit of defense, after which, on Dec. 9, 1927, a rule for judgment for want of a sufficient affidavit of defense was taken. On Jan. 5, 1928, the defendant filed a supplemental affidavit of defense, in which he set up new matter, and to which plaintiff has not replied.

In the brief filed, plaintiff contends that the supplemental affidavit of defense was entered without leave of court, and is, therefore, void.

He stressed this view on the argument of the case, and filed a long, laborious brief as to why judgment should be entered on his rule.

A careful examination of all the papers filed in the case convinces the court that an entry of judgment on this rule would be an injustice. If the defendant did not have permission from the court to file his supplemental affidavit of defense, we will grant him such permission now, on the filing of this opinion, and keep the matter open in the meantime.

The allegations in the statement and the answers in the affidavit of defense convinces us that there are substantial questions of fact to be decided between the two parties, and it is necessary to submit those facts to a jury, so that substantial justice may be done between the parties to the case.

We find that section 17 of the Practice Act of May 14, 1915, P. L. 483, provides as follows: "The plaintiff may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim, and the Court shall enter judgment or discharge the rule as justice may require."

We feel here that justice requires that this rule be discharged, and we, therefore, do discharge the rule.

From George Ross Eshleman, Lancaster, Pa.